**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ANTHONY FAILS,**
        **Plaintiff,**

**vs.**                                                                                     **3:08cv535/MCR/MD**

**ALICE FAY HARISE,**
        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1), and plaintiff's response to the court's order granting leave to proceed *in forma pauperis* and assessing an initial partial filing fee of $1.39. (Doc. 5, 6). Plaintiff asserts that he is unable to pay the initial partial filing fee because he does not have regular deposits into his account, and the assessed fee is based on a single deposit that was a birthday present several months ago. Upon review of plaintiff's account information, the court finds that his assertion of his current inability to pay may well be correct. Therefore, while the full filing fee will remain due and owing, the court will not require plaintiff to pay the initial partial filing fee prior to taking any further action on plaintiff's case.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is an inmate in the custody of the Florida Department of Corrections currently serving two fifteen-year sentences for attempted sexual battery and aggravated battery.  Defendant Alice Fay Harise (sic) is an assistant public defender in Escambia County and was plaintiff's trial counsel in these cases.  Plaintiff alleges that defendant Harise breached his confidentiality when, after assuring him that all information he provided to her would be confidential, apparently informed the prosecutor of the victim's new address which she learned from the plaintiff.  In so acting, plaintiff alleges that Harise was the "fruit of an unlawful conviction."  He claims that Harise acted outside the scope of her profession and knowingly and intentionally breached confidential rights owed to the plaintiff in violation of the Sixth Amendment and his right to fundamentally fair trial proceedings.  He states that he sues Harise in her official and individual capacity for $5,000,000.00 because of the mental anguish, defamation of character and false imprisonment that he suffered.

As an initial matter, plaintiff's claim for monetary damages for mental anguish he suffered as a result of defendants' alleged conduct is prohibited by 42 U.S.C. §

1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Yates*, 535 F.3d at 1321 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "pain and suffering," i.e., mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e).[1] Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate. Based on the foregoing, the incarcerated plaintiff's damages claim is subject to dismissal without prejudice absent any allegation of physical injury.

In addition, plaintiff's official capacity claim against attorney Harise must fail. A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities. *Miller v. King*, 384 F.3d 1248 (11th Cir.

---

[1] The fact that he claims he attempted suicide since his incarceration does not suffice to establish the physical injury requirement. Plaintiff's personal decision to inflict harm upon himself is a choice that cannot be attributed to the actions or omissions of the defendant.

2004).[2]  A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court.  *See Federal Maritime Commission v. South Carolina State Ports Authority,*  535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Additionally, plaintiff appears to contend that the alleged misconduct of attorney Harise improperly led to his conviction and imprisonment.  Such a claim is not actionable under section 1983 since it is in the nature of habeas corpus.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim should be dismissed.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

---

[2] State officials in their official capacities are not immune from claims for prospective declaratory or injunctive relief. *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007); *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372.  Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional.  *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf.  *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation).  Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct.  at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.   To the extent plaintiff alludes to state law tort actions, the court declines to exercise supplemental jurisdiction over those claims, and they should also be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 19th day of December, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:08cv535/MCR/MD*